UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DAMIAN Y. JAMES,

    Petitioner,

v.

BUREAU OF PRISONS,

    Respondent.

Civil Action No. 6:10-00337-KSF

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Damian Y. James, confined in the Federal Correctional Institution in Manchester, Kentucky, ("FCI-Manchester") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 2. James alleges that his federal conviction violates the Due Process Clause of the Fifth Amendment of the United States Constitution. James also requests that Karen Hogsten, the Warden of FCI-Manchester, be substituted as the respondent in place of the Bureau of Prisons ("BOP"), which he named as the respondent in his § 2241 petition. *See* Letter R. 4.

As James has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds James' *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Because James has not shown that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his federal conviction and sentence, the Court will deny his § 2241 petition, deny as moot his request to designate Karen Hogsten as the respondent to this proceeding, and dismiss this action with prejudice.

**CRIMINAL CONVICTION AND APPEAL**

On March 28, 2008, James was convicted in the United States District Court for the Southern District of Illinois for conspiring to sell crack cocaine, possession of a firearm by a felon, and distribution of crack cocaine. *See United States v. James*, No. 4:2007-CR-4006 (S.D. Ill.) ("the Trial Court"). James received a 295-month sentence.

On appeal, James argued that under the Speedy Trial Act, 18 U.S.C. § 3161, the Trial Court should have granted his motion to dismiss with prejudice.[2] On June 2, 2009, the Seventh Circuit affirmed James' conviction and sentence, finding no Speedy Trial Act violation stemming from a seventy-day delay between January 19, 2007, (the date of James' initial appearance) and May 1, 2007, (the date of the initial appearance of James' co-defendant, who had been added by superseding indictment). *See United States v. Harris*, 567 F. 3d 846, 849 (7th Cir. 2009).

The court determined that the seventy-day delay fell within § 3161(h)(6), one of the speedy trial exceptions; that the seventy-day delay was not unreasonable; and that James did not argue that the seventy-day delay was unreasonable. *Id*., at 849-50. The court also determined

---

[2] In federal prosecutions, the Speedy Trial Act provides that a defendant's trial must commence within seventy days of the filing date of the information or indictment, or of the defendant's initial appearance, whichever comes later. 18 U.S.C. § 3161(c).

that because James himself requested continuances which fell under § 3161(h)(3), another speedy trial exception, the other delays resulting from those continuances were also properly excluded from the speedy trial calculations. *Id*., at 850. The Mandate issued on August 21, 2009. According to the Trial Court docket sheet, James did not file a motion to vacate his sentence under 28 U.S.C. § 2255.

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, James asserts the same claims that he raised in the direct appeal of his conviction – the Trial Court violated his right to due process of law by not granting his motion to dismiss the Indictment with prejudice based upon alleged violations of the Speedy Trial Act. James alleges the Trial Court violated the Speedy Trial Act by excluding various time periods from the speedy trial calculations.

James alleged that the first delay improperly excluded from the calculations was "the days before my superceding indictment," but he provides no specific dates. R. 2-1, p. 8. He states that the second delay improperly excluded, between March 8, 2007 and April 9, 2007, was caused by his superceding indictment. *Id*. James alleges that the third delay improperly excluded from the speedy trial calculations resulted from continuances which the Trial Court ordered, without good cause or explanation, on May 23, 2007 and August 9, 2007. *Id*., pp. 8-9.

The specific delays that James challenges in his § 2241 petition are the same delays he challenged on direct appeal; *i.e.*, the seventy-day delay between January 19, 2007 and May 1, 2007, and other subsequent delays resulting from his own requests for continuances. James

alleges that both the Trial Court and the Seventh Circuit improperly interpreted the Speedy Trial Act with respect to these various delays.

## DISCUSSION

James is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

There is one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). But a federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

James had until June 2, 2010, a year from the date on which the Seventh Circuit affirmed his criminal conviction, in which to file a § 2255 motion in the Trial Court challenging his convictions under the Speedy Trial Act. *See* § 2255(1). The docket sheet from the Trial Court reveals that after James' appeal was affirmed and then became final, James did not then challenge his conviction in the Trial Court by filing a § 2255 motion. James has instead sought relief in this Court by filing the instant § 2241 petition in which he does not challenge the manner in which his federal sentence is being executed. James raises the same Speedy Trial Act challenges to his underlying conviction that he unsuccessfully raised on direct appeal in 2009.

This Court cannot ignore the settled rule requiring a prisoner challenging a federal conviction or sentence to first present such claims to the Trial Court under § 2255. Section 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The remedy under § 2255 is not "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

James' failure to file a § 2255 motion in the Trial Court does not mean that § 2255 was either an inadequate or ineffective means to challenge his sentence. Section §2241 is not a catch-all remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. Under the facts alleged, James cannot show that his § 2255 remedy was either inadequate or ineffective to challenge his detention, because he did not pursue that remedy. Accordingly, relief in this Court under § 2241 relief is unavailable.

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, claiming actual innocence based on issues which could or should have been addressed at trial, on appeal, or through a motion to vacate, does not establish grounds for relief pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

James alleges neither the existence of an applicable intervening change in the law nor any extraordinary circumstances, such as new facts or evidence that may have evolved after his conviction, suggesting that he is actually innocent of the federal drugs and firearm offenses of which he was convicted. Instead, James simply raises essentially the same specific Speedy Trial Act arguments that he unsuccessfully advanced almost two years ago on direct appeal.

As noted, the Seventh Circuit thoroughly discussed, analyzed, and rejected James' argument that the Trial Court violated the Speedy Trial Act by improperly excluding delays

6

caused by the initial appearance of James' co-defendant and James' own requests for continuances. The Seventh Circuit's opinion establishes that James is not "actually innocent" of drug and related firearms charges of which he was convicted, and that as to the alleged Speedy Trial Act violations, the Trial Court did not deprive him of due process of law in violation of the Fifth Amendment of the United States Constitution.

As James has shown neither that his § 2255 remedy was inadequate or ineffective to challenge his conviction, nor that he is actually innocent of the offenses of which he was convicted, he is not entitled to relief under § 2241. *See Raymer v. Barron*, 82 F. App'x 431 (6th Cir. 2003); *Wade v. Shartle*, 4:08-CV-00426, 2008 WL 1886094 (N.D. Ohio April 24, 2008). James's § 2241 petition will therefore be denied.

Finally, James seeks permission to substitute Warden Karen Hogsten as the proper respondent in place of the BOP. *See* Letter, R. 4. While the Court would on its own typically substitute a federal Warden as the proper respondent in a § 2241 proceeding when the prisoner has improperly named another person or entity, it declines to do so here because it is dismissing this proceeding with prejudice. The Court will deny as moot James' request/construed motion to substitute Warden Karen Hogsten as the proper respondent in place of the BOP.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Damian Y. James' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, R. 2, is **DENIED**;

(2) James' request/construed motion to substitute Warden Karen Hogsten as the respondent in place of the Bureau of Prisons, R. 4, is **DENIED as MOOT**;

(3) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket of the Court; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, the Bureau of Prisons.

This February 4, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge